UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10080-NMG

UNITED STATES OF AMERICA

v.

LORI LOUGHLIN and MOSSIMO GIANNULLI

**ORDER RE CONFLICT OF INTEREST**

February 7, 2020

KELLEY, U.S.M.J.

I. Introduction.

The government moved for a hearing pursuant to *United States v. Foster*, 469 F.2d 1, 5 (1st Cir. 1972) and Federal Rule of Criminal Procedure 44(c) concerning potential conflicts of interest with regard to counsel retained by Ms. Loughlin and Mr. Giannulli, a married couple. (#400.) Both are charged with conspiracy to commit mail and wire fraud and honest services mail and wire fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit federal programs bribery, in violation of 18 U.S.C. § 371, and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (#732, fourth superseding indictment.) The government alleges that Ms. Loughlin and Mr. Giannulli defrauded the University of Southern California (USC), when they agreed with a defendant in a related case, Rick Singer, No. 19-cr-10078-RWZ, to pay an alleged bribe to facilitate the admission of their two daughters to USC as purported crew recruits.

1

The potential conflicts of interest among the attorneys retained by Ms. Loughlin and Mr. Giannulli are as follows. First, Ms. Loughlin and Mr. Giannulli are jointly represented by Latham & Watkins, LLP (Latham), which, until recently, represented USC in an unrelated matter involving a real estate dispute. Next, Mr. Giannulli is represented by Attorney George Vien of the law firm of Donnelly, Conroy & Gelhaar, LLP (Donnelly), which also represents a cooperating witness, Davina Isackson, who is charged in a related case, No. 19-cr-10115-PBS, as well as Peter Jan Sartorio, who pled guilty and has been sentenced in yet another related case, No. 19-cr-10117-IT.

In response to the government's motion for a hearing, counsel at Latham initially wrote a letter to the government, which the government attached to its motion. (#400-1.) Defendants later filed a response to the government's motion. (#445.) The government replied (#460), and defendants responded. (#518.)

## II. The Hearing.

On August 27, 2019, the court held a hearing on this matter. Attorneys Sean Berkowitz and William Trach, of Latham, and Attorney George Vien, of Donnelly, appeared for defendants. At the hearing, the government stated that any conflict of interest in the case between Ms. Loughlin and Mr. Giannulli, as they are both represented by Latham, is "a waivable conflict to some degree." (#543 at 8, transcript of hearing.)

The government stated that it believed the conflict with USC had been resolved because, as of the date of the hearing, Latham no longer represented USC. Id. at 7–8. The government did not think that Donnelly's representation of Mr. Sartorio posed an unwaivable conflict, because Mr. Sartorio had pled guilty and (at the time of the hearing) was awaiting sentencing, and he was only involved in cheating on the SAT. Id. at 13.

The government stated that, with regard to Mr. Vien's representation of Mr. Giannulli, it did not believe that the conflict between Davina Isackson and Mr. Giannulli could be waived, because Ms. Isackson is cooperating against Ms. Loughlin and Mr. Giannulli. *Id*. at 7. The government stated that, although Ms. Isackson did not know Ms. Loughlin and Mr. Giannulli, Ms. Isackson "has acknowledged participating in a wide-ranging conspiracy together with other parents[,]" and the government would ask the jury to find that Ms. Isackson's description of how the scheme worked indicated that Mr. Giannulli must also have understood that it worked that way. *Id*. at 10, 13. Ms. Isackson, like Ms. Loughlin and Mr. Giannulli, was charged with making a wrongful payment to facilitate the admission of her daughter to USC as a "fake rower[.]" *Id*. at 10. Ms. Isackson, Ms. Loughlin and Mr. Giannulli worked with the same person to "create the fake profile[s]" that were submitted to the school. *Id*. at 13.

Donnelly is an eleven-member law firm. *Id*. at 10. Attorney Vien stated that his firm had put in place "very robust protections" to prevent information about one client from reaching attorneys who were working on the cases of other defendants, including segregating electronic and physical files, and instituting a rule that the affected attorneys would not discuss the conflicted cases with each other. *Id*. at 15–16. He pointed out that he would not cross-examine Ms. Isackson but would leave that task to the attorneys at Latham. *Id*. at 15. He represented that Ms. Isackson had signed a written waiver assenting to his representation of Mr. Giannulli. *Id*. at 16.

Attorney Trach of Latham represented that he was satisfied that Ms. Loughlin and Mr. Giannulli had "a united front" for their defense. *Id*. at 18. In addition, he said, both clients have "completely non-conflicted separate counsel who they have engaged and who they have talked to about the risks inherent in joint representation[,]" and these attorneys would be available in the future for further consultation if necessary. *Id*. at 18–19.

At the hearing, the court explained to both defendants that, when codefendants are represented by the same counsel or law firm, conflicts may affect the quality of their representation. *Id*. at 20–22. The court set out some of the possible problems that might arise, for example, the fact that joint representation might preclude one defendant from engaging in plea bargaining or might otherwise interfere with a favorable disposition of the charges against that defendant. *Id.* at 21–22. The court also explained to Mr. Giannulli in detail that in his case, there is an actual conflict of interest, not only a potential one, with regard to Donnelly's representation of him and explained why Ms. Isackson's cooperation against him could be prejudicial to him and the potential problems with the joint representation. *Id*. at 22–24. The court further stated that, even though apparently the parties were in agreement that Mr. Sartorio's representation by Donnelly did not at present pose a problem for him, no one could foresee the future and that problems could arise because of the firm's joint representation of him and Mr. Giannulli. *Id*. at 24.

The court further advised the defendants that they have an absolute right to representation by independent counsel of their own choosing. *Id*. at 26.

At the hearing, present counsel for defendants reported that they had reviewed the matter of joint representation with defendants. *Id*. at 27.

In response to the court's questions, defendants acknowledged that they were aware of the problems and potential problems with their attorneys' representation of them, they were aware that they are entitled to be represented by independent counsel, and that present counsel had discussed the matter with them. *Id*. at 26–27.

Notwithstanding the potential for conflicts of interest to arise and the fact that a conflict of interest already exists in the case with regard to Mr. Giannulli's representation by Attorney Vien, both defendants stated that they wanted to be represented by present counsel. *Id*. at 27.

III. <u>Discussion</u>.

The court agrees with the government that any potential conflict deriving from Latham's joint representation of Ms. Loughlin and Mr. Giannulli may be waived. There is certainly the potential for a conflict of interest to arise when a married couple retains the same counsel. In this instance, however, where counsel represents that the couple does not have any conflict, the pitfalls of joint representation have been explained to them by counsel (##445 at 8, 445-1, declaration of counsel), both defendants have been questioned by the court about whether they waive any potential conflicts, and both have executed written agreements stating in detail that they understand the risks and still want present counsel to represent them (##445-2, 445-3, declarations of defendants concerning joint representation), the court will accept their waivers.

The court agrees with the government that Latham's prior representation of USC does not prohibit Latham from representing Ms. Loughlin and Mr. Giannulli, and that Donnelly's representation of Mr. Sartorio poses a potential conflict that may be waived by defendants and accepts the defendants' waivers of any potential conflict.

The most difficult question is whether Donnelly's representation of Mr. Giannulli and Ms. Isackson is a conflict that can be waived by Mr. Giannulli. The court notes that Judge Saris, who is presiding over Ms. Isackson's case, recently held a hearing concerning this same conflict. In a detailed order, Judge Saris found that, while the concurrent representation of Ms. Isackson and Mr. Giannulli constitutes a conflict of interest under Massachusetts Rule of Professional Conduct 1.7, because Ms. Isackson is "directly adverse" to Mr. Giannulli, and there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client[,]" Mass. Rule Professional Conduct 1.7 (a)(1)–(2), the conflict nevertheless may be waived. (19-cr-10115-PBS, #370 at 1–2.) This court agrees with Judge Saris's Order, *see id*. at

2–4, which recognizes that Donnelly has erected a wall between the attorneys who represent Ms. Isackson and Mr. Giannulli, and includes limitations on who may cross-examine Ms. Isackson or even mention her in opening or closing statements. *Id*. at 4. The court agrees with Judge Saris that these protections are adequate and, therefore, accepts Mr. Giannulli's waiver.

In sum, the court finds that both Ms. Loughlin and Mr. Giannulli knowingly, intelligently, and voluntarily waived their right to be represented only by counsel unaffected by any conflict or potential conflict of interest, and accordingly concludes, pursuant to Federal Rule of Criminal Procedure 44(c), that defendants may continue to be represented by present counsel. Defendants may, at a later time, decide to retain separate counsel. Should defendants conclude that representation by separate counsel is appropriate, that decision shall be made promptly upon discovery of the facts warranting that decision. As explained by this court during the colloquy with defendants, a judge is not obligated to continue a trial date or otherwise delay the progress of the case based upon a late decision to obtain new counsel.

Present counsel shall immediately notify this court should counsel become aware of new information bearing on the question of joint representation.

SO ORDERED.

/s/ Page Kelley
Page Kelley
UNITED STATES MAGISTRATE JUDGE