UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOSSIMO GIANNULLI,<br><br>Defendant. | Case No. 19-cr-10080-NMG |

**DECLARATION OF WILLIAM J. TRACH IN SUPPORT OF MOSSIMO GIANNULLI'S EMERGENCY MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)**

I, William J. Trach, declare as follows:

1. I am a partner with Latham & Watkins LLP and counsel of record for Mossimo Giannulli in the above-captioned matter. I make this declaration in support of Mr. Giannulli's motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c). This declaration is based on my personal knowledge and, if called upon, I would testify to the facts set forth below under penalty of perjury.

2. On November 19, 2020, Mr. Giannulli reported to USP Lompoc to serve the five-month sentence ordered by the Court.

3. Mr. Giannulli has reported that upon his arrival at USP Lompoc, he was placed in isolated quarantine in a small cell where he spent 24 hours a day, with narrow exceptions. For example, Mr. Giannulli reported that he was allowed to leave his cell to shower once every three days.

4. Mr. Giannulli has reported that he was not allowed outside, had only sporadic access to a telephone to contact his family, and ate all of his meals alone in his cell.

5. Mr. Giannulli reported that he was told by prison officials that he was being placed in solitary quarantine to ensure that he was free of COVID-19 and, thus, would not spread it by being transferred to the minimum security satellite camp at USP Lompoc.

6. Mr. Giannulli reported that after being placed in solitary quarantine on November 19, 2020, he had been tested for COVID-19 at least ten separate times, and that his test results were negative every time.

7. Mr. Giannulli reported that after each negative COVID-19 test, he had been returned to his cell, purportedly for another two-week period of solitary quarantine.

8. On January 11, 2021, I spoke with Karin Bell, Assistant United States Attorney, who informed me that the reason for Mr. Giannulli's almost two month stay in solitary confinement is that other prisoners who have arrived at the Lompoc quarantine facility since he reported have tested positive for COVID-19. She said that BOP has determined that any individual in the facility must re-quarantine each time new prisoners arrive at the quarantine facility, despite the fact that individuals are not in contact with one another, and instead are confined to their cells 24 hours per day.

9. Mr. Giannulli reports that he was confined in solitary quarantine in his cell at USP Lompoc until January 13, 2021, when he was transferred to the minimum security camp.

10. Attached hereto as Exhibit A is a true and correct copy of a document dated March 26, 2020 titled "MEMORANDUM FOR DIRECTOR OF BUREAU PRISONS" from "The Attorney General" with a subject line reading "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic," downloaded from the Bureau of Prisons website at *https://www.bpo.gov/coronavirus/docs/bop_memo_home_confinement.pdf* (last visited Jan. 13, 2021).

11. Attached hereto as Exhibit B is a true and correct copy of a document dated April 3, 2020 titled "MEMORANDUM FOR DIRECTOR OF BUREAU OF PRISONS" from "The Attorney General" with a subject line reading "Increasing Use of Home Confinement at Institutions Most Affected by COVID-19," downloaded from the Bureau of Prisons website at *https://www.bpo.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf* (last visited Jan. 13, 2021).

12. Attached hereto as Exhibit C is a true and correct copy of a January 13, 2021 screenshot of the webpage located at *https://www.bop.gov/coronavirus/faq.jsp*.

13. Attached hereto as Exhibit D is a true and correct copy of a letter dated November 19, 2020, from Nathan F. Garrett of Graves Garrett LLC and addressed to the Warden at FCC Lompoc and Mr. Ken Hyle (General Counsel, Western Regional Office, Federal Bureau of Prisons).

14. I am not aware of, and have been advised by Mr. Garrett that he did not receive, any response from the Warden or Mr. Hyle to the letter attached as Exhibit D.

15. Attached hereto as Exhibit E is a true and correct copy of a letter dated December 28, 2020, from me and addressed to the Warden at FCC Lompoc and Mr. Ken Hyle (General Counsel, Western Regional Office, Federal Bureau of Prisons).

16. Attached hereto as Exhibit F is a true and correct copy of a letter dated January 7, 2021, from Patricia V. Bradley (Complex Warden) to me.

17. Attached hereto as Exhibit G is a true and correct copy of the transcript of Mr. Giannulli's sentencing hearing held on August 21, 2020.

18. Attached hereto as Exhibit H are true and correct copies of January 13, 2021 screenshots of webpages located at *https://covid.cdc.gov/covid-data-tracker/#cases_totaldeaths*.

19.     Attached hereto as Exhibit I are true and correct copies of January 13, 2021 screenshots of webpages located at *https://www.bop.gov/coronavirus*.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 14, 2021, in Boston, Massachusetts.

*/s/ William J. Trach*
William J. Trach

**CERTIFICATE OF SERVICE**

I certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those identified as non-registered participants.

*/s/ William J. Trach*
William J. Trach