United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America,**<br><br>v.<br><br>**Gregory Colburn, et al.,**<br><br>Defendants. | Criminal Action No.<br>19-10080-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Mossimo Giannulli ("Giannulli" or "defendant") pled guilty to one count of conspiracy to commit wire and mail fraud and honest services fraud, in violation of 18 U.S.C. § 1349.  He had conspired with William "Rick" Singer and others to have two of his children fraudulently admitted into the University of Southern California by falsifying their athletic credentials and agreeing to pay bribes totaling $500,000.  On August 21, 2020, this Court sentenced defendant Giannulli to, <u>inter alia</u>, five months' imprisonment pursuant to a negotiated Rule 11(c)(1)(C) plea agreement with the government.

In light of the COVID-19 pandemic and the conditions imposed by the Bureau of Prisons ("the BOP") to prevent its spread, Giannulli seeks to have this Court modify the remainder

- 1 -

of his sentence of imprisonment to home confinement. He is currently incarcerated at FCI-Lompoc in Lompoc, California and his projected date of release is in April, 2021.

## I. Background

On November 19, 2020, Giannulli reported to FCI-Lompoc to serve his sentence, beginning with the 14-day entry quarantine required of all incoming inmates pursuant to the BOP's emergency COVID-19 response ("entry quarantine"). He was placed in a quarantine unit and was granted only limited access to amenities outside of his cell in order to minimize contact with other inmates. Nonetheless, he was still given access to books, mail, a limited commissary and television.

His entry quarantine was scheduled to end on December 7, 2020, but on that day several other inmates in his quarantine unit tested positive for the virus. Soon thereafter, Giannulli reported that he was experiencing a headache and the loss of his sense of smell, both symptoms of COVID-19. Accordingly, his entry quarantine was extended for a few more weeks. On January 13, 2021, after receiving several negative COVID-19 test results, Giannulli was released to general population in the FCI-Lompoc minimum security camp ("the camp") in which he is now housed.

Defendant Giannulli moves, pursuant to 18 U.S.C. § 3582(c), to modify his sentence to impose home confinement because of the harsh prison conditions imposed by the BOP to prevent the spread of COVID-19. He submits, specifically, that he spent 56 days in isolation which has placed a significant toll on his mental, physical and emotional well-being. He argues that this Court should extend its reasoning in United States v. MacFarlane, No. 19-cr-10131, Dkt. No. 352 (D. Mass. Apr. 14, 2020) to his case and find that the time he spent in isolation warrants his immediate release.

The government acknowledges that the conditions of Giannulli's initial confinement were more onerous than they would have been but for the pandemic. Nevertheless, it urges this Court to deny defendant's motion for several reasons, including that 1) the conditions of his confinement were not unforeseeable at the time he was sentenced, 2) he is neither sick nor suffering from an underlying health condition that places him at a higher risk for complications due to COVID-19 and 3) this Court just recently balanced the factors laid out in 18 U.S.C. § 3553(a) and determined that a five-month sentence is appropriate.

## II.  **Motion for Compassionate Release**

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Such a modification may be made upon a defendant's motion only after he has fully exhausted his administrative remedies. § 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only in light of other enumerated statutory factors. Id.; see § 3553(a).

### B. Application

Giannulli is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has not demonstrated an "extraordinary and compelling" reason warranting his release.  Although the Court is cognizant of the onerous conditions imposed on defendant as a result of the BOP's emergency COVID-19 response, he has not established that those conditions alone demonstrate an "extraordinary and compelling" reason for his release.

To the extent Giannulli seeks relief pursuant to § 3582(c) based on the requirement of his entry quarantine, his argument is unavailing. See United States v. Lischewski, No. 18-cr-00203,

2020 WL 6562311, at *1-2 (N.D. Cal. Nov. 9, 2020) (denying the motion for compassionate release of a defendant who was placed in 18 days of COVID-related lockdown conditions in which he allegedly had no access to food or fresh water for 24 hours and no communication with others); United States v. Stevens, 459 F. Supp. 3d 478, 487 (W.D.N.Y. 2020) (finding that conditions of confinement alleged – including lack of visitation, threats and the unavailability of a proper diabetic diet – do not constitute extraordinary or compelling reasons for a sentence reduction, "nor is a motion for reduction the proper avenue to challenge those alleged conditions"); United States v. Carrera, No. 14-cr-0367, 2020 WL 7225997, at *4 (N.D. Tex. Dec. 7, 2020) (finding that prolonged solitary confinement due to positive COVID-19 diagnosis did not warrant compassionate release).  Every prisoner in a BOP facility is currently subjected to onerous conditions due to the COVID-19 pandemic and Giannulli "has not explained why he should be given special or unique treatment". Lischewski, 2020 WL 6562311, at *2.

Furthermore, unlike his co-defendant Toby MacFarlane, the imposition of an entry quarantine was not unforeseeable when Giannulli was sentenced in August, 2020. See MacFarlane No. 19-cr-10131, Dkt. No. 339 (sentencing held on November 13, 2019). Giannulli was sentenced months into the pandemic, whereas MacFarlane reported to prison in January, 2020, before the virus

- 5 -

was a serious threat. At the time of MacFarlane's compassionate release in April, 2020, moreover, there was significant uncertainty about the virus and how to control it.[1] At this juncture, on the other hand, there has been substantial improvement in the treatment of the disease, the BOP itself has become much more proficient in controlling its spread and vaccines will soon alleviate remaining concerns.[2]

In any event, although defendant's quarantine was longer than anticipated, he has since been released to the general population and has given no extraordinary or compelling reason why his current circumstances in the camp warrant immediate release. See United States v. Ramirez, 459 F. Supp. 3d 333, 338 (D. Mass. 2020) (explaining that compassionate release is an "extraordinary" remedy which should be applied only in a

---

[1] See, e.g., Press Release, CDC Calls on Americans to Wear Masks to Prevent COVID-19 Spread, CDC Newsroom (July 14, 2020), https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html (reporting that there has been more information with respect to and widespread acceptance of wearing face masks in public to prevent the spread of COVID-19 in the months after April, 2020).

[2] See FDA Approves Treatment for COVID-19, FDA News Release (Oct. 22, 2020), https://www.fda.gov/news-events/press-announcements/fda-approves-first-treatment-covid-19; COVID-19 Vaccination Efforts Commended, Federal Bureau of Prisons (Jan. 15, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp (reporting that the BOP is distributing the COVID-19 vaccine to staff and inmates and "has taken swift and effective action in response to COVID-19 and has emerged as a correctional leader in the pandemic.").

"particularized" situation). He has not shown, for instance, that he suffers from any condition which would place him at an increased risk of severe illness due to COVID-19 nor, indeed, that he suffers from any particular medical condition.

Although the Court recognizes the danger associated with COVID-19 and the particular risk of transmission in penitentiary facilities, the fear of COVID-19 alone, without more, is insufficient to warrant release pursuant to § 3582(c). See Ramirez, 459 F. Supp. 3d at 337–38 ("[T]he threat of COVID-19 alone is not sufficient to allow release" pursuant to § 3582(c)); United States v. Curtis, No. 14-cr-00140, 2020 U.S. Dist. LEXIS 102045, at *13 (D. Me. June 11, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Furthermore, this Court just recently considered the factors laid out in 18 U.S.C. § 3553(a) with respect to Mr. Giannulli and determined that a 5-month sentence is appropriate in that it serves, inter alia, to dissuade and deter others who may, like Giannulli, believe that because they can afford it, they can flout the law. Modifying or reducing defendant's sentence in this case would undercut any such deterrence.

Accordingly, this Court will deny defendant's motion for compassionate release. If extenuating circumstances occur in

the future, the warden can intervene or defendant can file a renewed motion.

**ORDER**

For the foregoing reasons, the motion of defendant Mossimo Giannulli to modify sentence (Docket No. 1691) is **DENIED without prejudice.**

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 26, 2021